

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-23-2008

# Shan Chilcott v. Erie Cty Domestic

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1639

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Shan Chilcott v. Erie Cty Domestic" (2008). *2008 Decisions.* Paper 984.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/984

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-215                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1639
_____

SHAN CHILCOTT,
                                    Appellant

v.

ERIE COUNTY DOMESTIC RELATIONS;
ERIE COUNTY PRISON; JUDGE DUNLEAVY;
CLIFF ROOT; CORPORAL GORING

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 05-cv-00225)
District Judge:  Honorable Maurice B. Cohill, Jr.

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 30, 2008
Before: AMBRO, FUENTES and JORDAN, Circuit Judges

(Opinion filed: June 23, 2008)
_____

OPINION
_____

PER CURIAM

        In his amended complaint, Shan William Chilcott presented claims for damages

1

under 42 U.S.C. § 1983 against Erie County Domestic Relations, Erie County Prison, Cliff Root, Corporal Goring, and Judge Dunleavy. The District Court dismissed the claims against all but Goring and Root and subsequently granted summary judgment in favor of those two remaining defendants.[1] Chilcott appeals.

We have jurisdiction over his appeal pursuant to 28 U.S.C. § 1291. We will summarily affirm the District Court because no substantial issue is presented on appeal. See L.A.R. 27.4; I.O.P. 10.6.

The District Court properly dismissed the claims against Erie County Prison. To the extent that Chilcott directed his claims against Erie County Prison, he sought to impose liability based on a respondeat-superior theory. However, it is well-established that there is no respondeat-superior liability in § 1983 actions. See Rode v. Dellaciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

Furthermore, the District Court properly dismissed the suit against the Erie County Prison and the Erie County Domestic Relations Section of the Erie County Court of Common Pleas because the Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one

---

[1] In the course of the proceedings, Chilcott's two motions for appointment of counsel were denied. The District Court did not abuse its discretion in denying Chilcott's first motion, especially because most of Chilcott's claims lacked merit on their face and because Chilcott's claims demanded more his straightforward presentation of the facts than complicated discovery. See Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir. 1993). Because Chilcott did not appeal the Magistrate Judge's order denying his second motion for appointment of counsel to the District Court, we do not consider the ruling.

of its own citizens.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Edelman v. Jordan, 415 U.S. 651, 663 (1974).  Although Congress can in certain circumstances abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983, through which Chilcott proceeds.  See Quern v. Jordon, 440 U.S. 332, 345 (1979).

The District Court also properly dismissed the claims against Judge Dunleavy. Judge Dunleavy, presiding over a dispute properly brought in the Pennsylvania Court of Common Pleas, see 42 Pa. C.S. Ann. § 931, retains judicial immunity even if "the action he took was in error, was done maliciously, or was in excess of his authority."  See Stump v. Sparkman, 435 U.S. 349, 356 (1978).  Therefore, he cannot be held liable for damages for any of the alleged errors in assessing and enforcing Chilcott's child support obligations.  See id. at 359-60.

Finally, the District Court properly granted summary judgment in favor of Root and Goring.  Chilcott alleged that Root and Goring conducted a campaign of harassment against him from April 1, 2005, to October 24, 2005.  In his amended complaint, he described two major incidents.  The facts, viewed in the light most favorable to Chilcott, the non-moving party, were developed in discovery.  On July 3, 2005, Root, a prison guard who is the brother of Dawn Root, the mother of Mason, one of Chilcott's children, threatened Chilcott and tried to get him to sign away his parental rights to Mason to Root's sister, who became Dawn Root's guardian after Dawn Root was incapacitated in

3

an accident caused by Chilcott's brother.  Chilcott refused Root's request.  On September 6, 2005, Root told Chilcott that he had to sign a quit claim deed to a house bought by Dawn Root and deeded in both their names.  Root told Chilcott that he could get out of jail early if he signed the deed, but that it would be rough for him if he did not.  Root did not want to sign it, but when he turned to leave, Goring told him he could not leave because he had not been dismissed. Goring told Chilcott to do what Root was telling him to do.  Chilcott then signed the quit claim deed.  Chilcott subsequently spoke to a lawyer, and the house was conveyed back to him within the month.  In his deposition, Chilcott also described a third incident that occurred at his discharge from prison.  Namely, he stated that Goring yelled "don't eyeball me" at him when he perceived that Chilcott was staring at him.[2]

Although Chilcott felt intimidated enough to temporarily sign away his rights in a property in one encounter, his claims against Root and Goring are inactionable claims of verbal abuse.  See Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir. 1987) (stating that not every unpleasant experience a prisoner faces, like verbal abuse or harassment, constitutes cruel and unusual punishment); McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983) (noting that mere threats and gestures do not amount to constitutional violations even if

---

[2]In his notice of appeal, Chilcott seeks to present information about other incidents.  However, although he may have included bare allegations about them in his response to Root's and Goring's motion for summary judgment, he did not properly present competent evidence about them in the District Court to show a genuine issue of material fact.

4

true); see also Northington v. Jackson, 973 F.2d 1518, 1524 (10th Cir. 1992) (distinguishing idle threats from threats causing terror of serious injury or imminent death).

For these reasons, we will affirm the District Court's judgment.